UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------X

CATRIONA MULCAHY,                            **Civil Action No.:**

                    Plaintiff,

                                             **NOTICE OF REMOVAL**

          -against-
                                             **Bronx County**
TJX COMPANIES, INC. and MARSHALLS OF MA,     **Index No.: 816520/2021E**
INC.,

                    Defendants.
----------------------------------------X

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK:**

Defendants, THE TJX COMPANIES, INC. i/s/h/a TJX COMPANIES, INC. and MARSHALLS OF MA, INC. (hereinafter "TJX"), by their attorneys, SIMMONS JANNACE DELUCA, LLP, upon information and belief, respectfully petitions the Court, pursuant to 28 U.S.C. § 1441, as follows:

1.    The above-captioned civil action was commenced and is now pending in the Supreme Court of the State of New York, County of Bronx bearing Index Number 816520/2021E. A trial has not yet been had therein. A copy of the Summons and Verified Complaint is annexed as **Exhibit "A"**.

2.    On December 28, 2021, this office interposed an Answer to plaintiff's Complaint on behalf of TJX. A copy of TJX's Answer is annexed hereto as **Exhibit "B"**.

3.     The action seeks monetary damages for injuries allegedly suffered by plaintiff, CATRIONA MULCAHY, allegedly as the result of CATRIONA MULCAHY being on the premises of the defendants' store. The plaintiff's Complaint sounds in negligence.

4.     The action involves a controversy between citizens of different states, in that: (a) plaintiff is a citizen of the State of New York; (b) THE TJX COMPANIES, INC. is now, and was at the time the action was commenced, a corporation incorporated in the State of Delaware with its principal place of business in the State of Massachusetts; and (c) MARSHALLS OF MA, INC. is now, and was at the time the action commenced, a corporation incorporated in the State of Massachusetts with its principal place of business in the State of Massachusetts.

5.     This action is one of which the District Courts of the United States have original jurisdiction under 28 U.S.C. § 1332. There is complete diversity between the parties.

6.     In addition, upon information and belief, the amount in controversy exceeds $75,000, as evidenced by plaintiff's Bill of Particulars dated March 18, 2022 and received on March 21, 2022. A copy of plaintiff's Bill of Particulars is annexed hereto as **Exhibit "C".**

7.     In paragraph 10 of the Bill of Particulars, plaintiff alleges "permanent" injuries including "12/2/21 left knee arthroscopy; left knee medial meniscus tear; left knee SCL strain,

bone marrow edema surrounding medial trochlear articular surface; left knee component of lateral patellar subluxation, edema and swelling in the prepatellar and pretibial subcutaneous tissues; left knee anterior cruciate ligament inhomogeneity and strain, 7 mm pericruciate cyst interposed between the posteromedial margin of the PCL and the posteroinferior capsule adjacent to its tibial attachment site; left knee chondromalacia involving the medial trochlear articular surface and underlying subcortical bone marrow edema, medial patellofemoral plica outlined by patellofemoral synovial fluid; 11/3/21 epidural steroid injection and epidurography; L3-4 posterior annular disc bulge deforms the ventral thecal sac; L4-5 grade 1 anterolisthesis, posterior annular disc bulge deforms the ventral thecal sac and broad left foraminal disc herniation abutting the exiting left L4 nerve root; L5-S1 posterior subligamentous disc bulge with proximal right foraminal extension below the level of the exiting nerve root; lumbar radiculopathy left sided; thoracolumbar spine myofascial derangement; left shoulder injury with subacromial impingement; left shoulder tendinosis/tendinopathy; trigger point injections upper trapezius; headaches; and the need for future treatment and/or surgery.

8. Written notice of the filing of this Notice of Removal will be given to plaintiff promptly after the filing of this Notice.

9.   A true and correct copy of this Notice of Removal will be filed with the Clerk of the Court of the Supreme Court of the State of New York, County of Bronx promptly after the filing of this Notice.

10.  Attached to this Notice, and by reference made a part hereof, are true and correct copies of all process and pleadings filed herein.

11.  By filing this Notice of Removal, TJX does not waive any defense which may be available to it, specifically including, but not limited to, its right to contest *in personam* jurisdiction over plaintiff's improper service of process and the absence of venue in this Court or the Court from which this action has been removed.

**WHEREFORE**, TJX prays that the above-captioned action now pending in the Supreme Court in the State of New York, County of Bronx, be removed therefrom to this Court.

Dated:   Hauppauge, New York
         April 19, 2022

                              Simmons Jannace DeLuca, LLP

                              By: _____
                                   Daniel P. Borbet
                              Attorneys for Defendants
                              THE TJX COMPANIES, INC. i/s/h/a
                              TJX COMPANIES, INC. and MARSHALLS
                              OF MA, INC.
                              **Office & P.O. Address:**
                              43 Corporate Drive
                              Hauppauge, New York 11788-2048
                              (631) 873-4888

TO:  **RUSSO LAW, LLP**
     Attorneys for Plaintiff
     **Office & P.O. Address:**
     60 E. 42nd Street, Suite 4510
     New York, New York 10165
     (917) 675-6553

700425