# Exhibit A

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
-------------------------------------------------------------------X
CATRIONA MULCAHY,

                          Plaintiff,

           -against-

TJX COMPANIES, INC. and MARSHALLS OF MA, INC.,

                        Defendants.
-------------------------------------------------------------------X

Index No.

**SUMMONS**
**Plaintiff designates**
BRONX COUNTY
as the Place of Trial.

**Basis of Venue:**
Plaintiff's Residence

**TO THE ABOVE NAMED DEFENDANT:**

    **PLEASE TAKE NOTICE THAT YOU ARE HEREBY SUMMONED** to answer the complaint in this action and to serve a copy of your answer on the plaintiff, at plaintiff's attorneys office, at the address set forth below and to do so within twenty (20) days after the service of this summons, exclusive of the day of service or within thirty (30) days after the service is complete if this summons is not personally delivered to you within the State of New York.

    **YOU ARE HEREBY NOTIFIED THAT** should you fail to appear or answer, a judgment will be entered against you by default for the relief demanded herein.

    The nature of this action is for injuries sustained as a result of the defendants' negligence. The relief sought is Monetary damages.

Dated: New York, NY
         December 3, 2021

                                     **RUSSO LAW LLP**

                                     By: /s/ *Matthew Russo*

                                     60 E. 42nd Street, Suite 4510
                                     New York, NY 10165
                                     (917) 675-6553

<u>Defendant(s) address:</u>
TJX Companies, Inc.: c/o CT CORPORATION SYSTEM 28 LIBERTY ST., NEW YORK, NEW YORK, 10005
Marshalls Of Ma, Inc.: c/o CT CORPORATION SYSTEM 28 LIBERTY ST., NEW YORK, NEW YORK, 10005

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF BRONX
------------------------------------------------------------X     Index No.
CATRIONA MULCAHY,

                Plaintiff,

                **VERIFIED COMPLAINT**

      -against-

TJX COMPANIES, INC. and MARSHALLS OF MA, INC.,

                Defendants.
------------------------------------------------------------X

        **PLAINTIFF**, by her attorneys, **RUSSO LAW LLP**, complaining of the defendants, upon information and belief, alleges:

1. That, at all times hereinafter mentioned, plaintiff, **CATRIONA MULCAHY ("MULCAHY")** is and was a resident of Bronx County, State of New York.

2. That, at all times hereinafter mentioned, and on or about July 30, 2021, defendant, **TJX Companies, Inc., ("TJX")** was and still is a foreign corporation organized and existing pursuant to and by virtue of the laws of the State of Delaware with its principal place of business in Framingham, Massachusetts.

3. That, at all times hereinafter mentioned, and on or about July 30, 2021, defendant, **TJX**, was and is authorized to do business in the State of New York.

4. That, at all times hereinafter mentioned, and on or about July 30, 2021, defendant, **MARSHALLS OF MA, INC.**, (hereinafter "**MARSHALLS**") was and still is a foreign corporation organized and existing pursuant to and by virtue of the laws of the State of Massachusetts with its principal place of business in Framingham, Massachusetts.

5. That, at all times hereinafter mentioned, and on or about July 30, 2021, defendant, **MARSHALLS**, was and is authorized to do business in the State of New York.

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

6. That, at all times hereinafter mentioned, and on or about July 30, 2021, defendant, **MARSHALLS**, was and is a subsidiary of defendant, **TJX**.

7. That, at all times hereinafter mentioned, defendant, **TJX**, owned the premises located at 221 North Central Park Avenue, City of New Hartsdale, County of Westchester, State of New York ("premises").

8. That, at all times hereinafter mentioned, defendant, **TJX**, leased the premises.

9. That, at all times hereinafter mentioned, defendant, **TJX**, by their agents, servants and/or employees, operated the premises.

10. That, at all times hereinafter mentioned, defendant, **TJX**, by its agents, servants and/or employees, maintained the premises.

11. That, at all times hereinafter mentioned, defendant, **TJX**, by its agents, servants and/or employees, managed the premises.

12. That, at all times hereinafter mentioned, defendant, **TJX**, by its agents, servants and/or employees, controlled the premises.

13. That, at all times hereinafter mentioned, defendant, **MARSHALLS**, owned the premises.

14. That, at all times hereinafter mentioned, defendant, **MARSHALLS**, leased the premises.

15. That, at all times hereinafter mentioned, defendant, **MARSHALLS**, by their agents, servants and/or employees, operated the premises.

16. That, at all times hereinafter mentioned, defendant, **MARSHALLS**, by its agents, servants and/or employees, maintained the premises.

17. That, at all times hereinafter mentioned, defendant, **MARSHALLS**, by its agents, servants and/or employees, managed the premises.

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

18. That, at all times hereinafter mentioned, defendant, **MARSHALLS,** by its agents, servants and/or employees, controlled the premises.

19. That, at all times hereinafter mentioned, defendants, by their agents, servants and/or employees, were responsible to maintain the premises in a reasonable safe manner so as not to cause a hazard.

20. That, at all times hereinafter mentioned, defendants, by their agents, servants and/or employees, were responsible to inspect the premises so as to detect and remove any hazards.

21. That, at all times hereinafter mentioned, and on or about July 30, 2021, plaintiff, **MULCAHY,** was lawfully within within the premises.

22. That, on or about July 30, 2021, plaintiff, **MULCAHY,** was lawfully within the premises when she was caused to slip and fall due to its dangerous and hazardous condition causing serious personal injury.

23. That, on or about July 30, 2021, plaintiff, **MULCAHY,** was lawfully within the premises when she was caused to slip and fall due to the floor of the premises' wet, slippery, dangerous, and hazardous condition.

24. That on or about July 30, 2021, defendant **TJX** created the hazardous condition.

25. That on or about July 30, 2021, defendant **TJX** received actual notice of the hazardous condition and failed to remedy it.

26. That on or about July 30, 2021, defendant **TJX** had constructive notice of the hazardous condition and failed to remedy it.

27. That on or about July 30, 2021, defendant **MARSHALLS** created the hazardous condition.

28. That on or about July 30, 2021, defendant **MARSHALLS,** received actual notice of the hazardous condition and failed to remedy it.

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

29. That on or about July 30, 2021, defendant **MARSHALLS** had constructive notice of the hazardous condition and failed to remedy it.

30. That, at the time and place aforesaid, plaintiff, **MULCAHY**, was caused to sustain serious permanent personal injuries and damages as a result of the occurrence.

31. That, the accident and injuries resulting therefrom were caused solely and wholly by the defendants or by defendants' agents, servants and/or employees without any negligence on the part of the plaintiff contributing thereto.

32. Plaintiff claims that the defendants and/or defendants acting through their agents, servants and/or employees, were negligent, culpable, careless and reckless in the ownership, operation, management, maintenance, control and inspection of the aforesaid premises; in failing to ensure that the aforesaid premises was safe and free of any and all hazards and/or defects; in creating said dangerous and hazardous condition; in creating a nuisance, danger, menace and hazard; in failing to properly inspect and remove said dangerous, hazardous and defective condition; in causing, permitting and allowing said condition to be, become and remain a danger, peril, hazard and threat to the life and limb of all persons and more particularly the plaintiff herein; in causing, permitting and allowing said dangerous and hazardous condition to exist for such a long and unreasonable period of time; in failing to properly inspect and remove any and all hazardous conditions; in failing to clean the floor within the premises; in allowing the floor to become and remain wet and slippery; in failing to keep the premises in a safe, proper and suitable condition; in failing to properly remove a wet and/or slippery and/or dangerous condition, in performing maintenance in a dangerous, unsafe, unsuitable and incompetent matter; in allowing areas within the premises to become a hidden trap and/or nuisance; in failing to warn; in failing to inspect; in failing to provide plaintiff with a safe ingress and egress; in failing to properly remove a wet and/or slippery and/or

(Page 11 of 14)
Case 7:22-cv-03196-KMK   Document 1-1   Filed 04/19/22   Page 7 of 10

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

dangerous condition; in failing to mop or remove a wet and/or slippery and/or dangerous condition by other means; in failing to exercise due care; in failing to remove a wet and/or slippery and/or dangerous condition from the aforementioned areas with reasonable care; in failing to place floor mats in said areas; in failing to place floor mats in a reasonable manner; in failing to adhere to complaints and/or warnings; in improperly cleaning said areas; in allowing wet and/or slippery and/or dangerous conditions to exist; in failing and neglecting to remedy the aforementioned, dangerous and hazardous condition; and in failing to post warning signs, to block and/or barricade said areas to prevent plaintiff from coming into contact with said dangerous and defective area, among other things.

33. That by reason of the foregoing, plaintiff was caused to and did sustain serious, permanent and lasting personal injuries; was caused to and did procure medical aid, attention and hospitalization; she became sick, sore, lame and disabled; some of her injuries will be permanent; she has been and will be unable to attend to her usual employment, activities and duties; and plaintiff still suffers and will continue to suffer, for some time to come, physical pain and suffering.

34. The amount sought herein, by plaintiff, **MULCAHY**, exceeds the jurisdiction of all lower courts that might otherwise have jurisdiction.

(Page 12 of 14)
Case 7:22-cv-03196-KMK   Document 1-1   Filed 04/19/22   Page 8 of 10
FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

WHEREFORE, plaintiff demands judgment of the defendants named herein together with costs and disbursements of this action.

Dated: New York, NY
    December 3, 2021

**RUSSO LAW LLP**

By: /s/ *Matthew Russo*

60 E. 42nd Street, Suite 4510
New York, NY 10165
(917) 675-6553

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

## Attorney Verification

I, Matthew Russo, Esq., of Russo Law LLP, hereby state that I am an attorney admitted to practice in the courts of New York State, and I am the attorney of record for the claimant herein. I have read the annexed Summons and Verified Complaint, know the contents thereof and the same are true to my knowledge, except those matters therein which are stated to be alleged on information and belief, and as to those matters I believe them to be true. My belief, as to those matters therein not stated upon knowledge, are based upon the following: all documents, records and papers kept on file in deponent's office.

The reason I make this affirmation instead of claimant CATRIONA MULCAHY, is because said claimant resides outside the County wherein I maintain my office.

Dated: New York, NY
December 3, 2021

**RUSSO LAW LLP**

By: /s/ *Matthew Russo*

60 E. 42nd Street, Suite 4510
New York, NY 10165
(917) 675-6553

8 of 9

FILED: BRONX COUNTY CLERK 12/03/2021 03:17 PM
NYSCEF DOC. NO. 1

INDEX NO. 816520/2021E
RECEIVED NYSCEF: 12/03/2021

Index No.          Year
SUPREME COURT OF THE STATE OF NEW YORK; COUNTY OF BRONX
CATRIONA MULCAHY,

                Plaintiff,

-against-

TJX COMPANIES, INC. and MARSHALLS OF MA, INC.,

                Defendants.

## SUMMONS AND VERIFIED COMPLAINT

**RUSSO LAW LLP**
**Attorneys for Plaintiff(s)**
60 E. 42nd STREET, SUITE 4510
NEW YORK, NEW YORK 10165
(917) 675-6553
To

*Service of a copy of the within*      *is hereby admitted.*
              Dated:

*Attorney(s) for*

☐   *PLEASE TAKE NOTICE that the within is a true copy of an Order signed by the Hon.
that was entered in the office of the clerk of the within named Court on*

### NOTICE OF ENTRY

☐   *that an Order of which the within is a true copy will be presented for settlement to
the Hon.   , one of the judges of the within named Court for signature* on
              Dated:   New York, NY

### NOTICE OF SETTLEMENT

**RUSSO LAW LLP**
**Attorneys for Plaintiff(s)**
60 E. 42nd STREET, SUITE 4510
NEW YORK, NEW YORK 10165
(917) 675-6553